UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Devin Bailey, | ) | C/A No. 6:25-cv-06567-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Officer Christopher L. Lee, | ) | |
| Greenville County | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Greenville County's Motion to Dismiss (ECF No. 30) and Plaintiff's Motion for Summary Judgment (ECF No. 39). Plaintiff, proceeding *pro se*, commenced this action under 42 U.S.C. § 1983. ECF No. 36. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court.

**FACTUAL BACKGROUND[1]**

According to Plaintiff, on August 14, 2023, Defendant South Carolina Highway Patrol Officer Christopher L. Lee ("Officer Lee") commenced a traffic stop on Plaintiff for following cars too closely. ECF No. 36 ¶ 3. Officer Lee failed to follow the protocol stated in South Carolina Highway Patrol's ("SCHP") policies and procedures applicable during a non-felony traffic stop.

---

[1] The facts are primarily derived from the allegations in the Amended Complaint. ECF No. 36.

*Id.* ¶ 23. Officer Lee violated Plaintiff's Fourth Amendment rights and discriminated against Plaintiff based on Officer Lee's hunch that was confirmed to be erroneous *Id.* ¶ 36.

Immediately upon contact with Plaintiff, Officer Lee executed "elicitation techniques" while holding his weapon. ECF No. 36 ¶ 24. Plaintiff promptly asked Officer Lee, "[a]re you going to shoot me? I am in fear of my life please don't shoot me. My one-year-old son is in the car sir, [p]lease do not kill me." *Id.* ¶ 25. Plaintiff alleges that he was in unfathomable duress and franticly begged for his life. *Id.* ¶ 26. Officer Lee then threatened Plaintiff with arrest, stating, "DO YOU WANT TO GO TO JAIL! GIVE ME YOUR LICENSE!" *Id.* (emphasis in the original).

Under threat of arrest, Plaintiff "provided all of the required documents with repeated reassurance to [Officer Lee] that [Plaintiff] was not making any sudden movements and was not reaching for anything other than what [Officer Lee] had demanded [Plaintiff] to provide." ECF No. 36 at ¶ 27. Plaintiff asserts that Officer Lee never stated the reason, nature, or cause for the traffic stop and detainment of Plaintiff. *Id.* ¶ 28. Officer Lee began interrogating Plaintiff by asking "meritless itinerary questions" that would not have warranted or constituted a lawful traffic stop. *Id.* ¶ 29. Officer Lee prolonged the traffic stop by "phishing" for crimes, confessions, or violations outside the scope of what his initial reason for the stop would have been. *Id.* ¶ 30. Officer Lee questioned Plaintiff about where Plaintiff had received the car, if Plaintiff had any knowledge of who the registered owner of the car was, or if there was any relation between Plaintiff and the registered owner of the car. *Id.* ¶ 31. In response to these questions, Plaintiff invoked his Fifth Amendment right. *Id.*

Officer Lee then ceased "elicitation tactics" and returned to his patrol car to "run the provided information." ECF No. 36 ¶ 32. Officer Lee then issued Plaintiff a traffic ticket for "following too closely" despite Officer Lee never mentioning following too closely during the

entirety of the stop. *Id.* Officer Lee also confiscated Plaintiff's driver's license and informed Plaintiff that he would forfeit Plaintiff's license to the South Carolina Department of Motor Vehicles ("SCDMV"). *Id.* ¶ 33. Plaintiff asserts that his driver's license was valid and was not suspended, restricted, or revoked at that time or any time after the traffic stop. *Id.* ¶ 34. Plaintiff followed up with the SCDMV sometime after the traffic stop, and the SCDMV confirmed that no one had turned over Plaintiff's driver's license and that the SCDMV had not received any notice that the license would be forfeited. *Id.*

After the traffic stop, Plaintiff submitted requests pursuant to the Freedom of Information Act ("FOIA"). ECF No. 36 ¶ 36. Plaintiff motioned "the court" for discovery of evidence under "Rule 5." *Id.* ¶ 37. Plaintiff also submitted a motion pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* Plaintiff also submitted a records request and obtained an incident report, dash camera footage, and body worn camera ("BWC") footage. *Id.* ¶ 38. In the incident report, Officer Lee reported as follows:

> On 8/14/2023, at approximately 1634 hours, I initiated a traffic stop on I-85. Upon activating my emergency equipment my BWC failed to activate. I noticed during the stop that the BWC was not recording and activated it at that time. I have not had any further issues since this incident.

*Id.* The dash camera footage shows Officer Lee activating the BWC before making contact with Plaintiff, but the incident report states that the BWC failed to activate. *Id.* ¶ 39. Plaintiff alleges that had "the footage" been admitted into evidence, it would show Officer Lee's "blatant wrongdoing." *Id.* The incident report lacked any articulation of probable cause for the stop. *Id.* ¶ 40.

Plaintiff alleges that Officer Lee used bad discretion to maliciously prosecute Plaintiff after Officer Lee realized that he made a huge mistake apprehending Plaintiff under the anticipation that

he would find other charges to pin on Plaintiff.  ECF No. 36  at ¶ 41.  Officer Lee acted with malice, which is why the incident report contained no details of the actual stop and only mentioned Officer Lee's attempts to "cover his tracks" by claiming that his equipment failed.  *Id.* ¶ 42.  Even if Officer Lee's equipment did fail, that would not justify why the details of the alleged violation were not articulated in the incident report.  *Id.* ¶ 43.

Plaintiff contends that the only portions of the video evidence missing are (1) where Officer Lee went against protocol and deviated from the basis of the stop to investigate other potential offenses by interrogating Plaintiff to elicit a confession, and thus give Officer Lee probable cause to further violate Plaintiff's rights; and (2) where Officer Lee threatened, accused, and interrogated Plaintiff while failing to identify himself or stating the reason for the stop  ECF No. 36 ¶¶ 44-45.

Plaintiff requested a jury trial for the traffic ticket.  ECF No. 36 ¶ 46.  On the day of such trial, Officer Lee failed to appear, and the case was dismissed due to a failure to prosecute.  *Id.*

Plaintiff filed several complaints against Officer Lee.  ECF No. 36 ¶ 47.  According to Officer Lee's Lieutenant, Officer Lee was removed from the patrol team, received additional training, and placed on the "Multi-Disciplinary Accident Investigation Team."  *Id.*  Plaintiff filed complaints with the Office of Professional Responibility "along with" the United States Department of Justice Civil Rights Division.  *Id.* ¶ 49.  After filing such complaints, Plaintiff noticed unmarked police vehicles that would occasionally park in front of Plaintiff's residence, which instilled a strong fear of retaliation for Plaintiff's attempts to ensure accountability in police practices and to support the United States Constitution.  *Id.* ¶ 50.

The conflicting nature of the traffic stop and the events that followed caused Plaintiff anguish, and both Plaintiff and his child who was present during the stop needed therapy because of the trauma.  ECF No. 36 ¶ 53.

Plaintiff alleges that his Sixth and Fourteenth Amendment rights were violated by the East Greenville Summary Court of Greenville County in connection with the adjudication of his traffic ticket. ECF No. 36 at ¶ 6. Plaintiff requested a speedy and public trial, as well as the right to face his accuser. *Id.* ¶ 8. The East Greenville Summary Court extensively prolonged the case without providing sufficient or valid reasoning. *Id.* ¶ 11. The East Greenville Summary Court made claims promising that Plaintiff's case would be added to the next available court docket and there were strong anticipations that the court would inform Plaintiff of his case being dismissed or at least added to the docket so that a court date would be noticed. *Id.* ¶¶ 10, 14. The East Greenville Summary Court also denied Plaintiff's right to counsel by insisting that Plaintiff pay fees to obtain legal counsel. *Id.* ¶ 15. Plaintiff made the East Greenville Summary Court aware on multiple occasions that it was in violation of Plaintiff's Sixth Amendment via making phone calls and sending letters to the judge and the Clerk of Court. *Id.* ¶ 7. Plaintiff also submitted multiple motions to dismiss via mail, in-person delivery of verbal and written requests, and phone conversations with the East Greenville Summary Court and its Greenville County employees. *Id.* ¶ 9.

Plaintiff and his family suffered for years while his case was pending resolution. ECF No. 36 ¶ 18. Eventually, the charge was dismissed, but the damage had already been done because "the due process failed to exonerate" Plaintiff in a reasonable amount of time. *Id.* ¶¶ 16, 18. While the case was pending, Plaintiff was in the process of being deployed to basic training for the United States Armed Services as an active-duty service member. *Id.* ¶ 12. Due to the charge, Plaintiff was barred from joining the military until the charges were resolved. *Id.* As relief, Plaintiff seeks money damages and any further relief as justice may require. ECF No. 36 ¶¶ 56-60.

**PROCEDURAL HISTORY**

This matter was removed from the Greenville County Court of Common Pleas on July 1, 2025.  ECF No. 1.  On July 18, 2025, the Honorable Kevin F. McDonald, United States Magistrate Judge, issued a Report and Recommendation recommending that the district court dismiss the East Greenville Summary Court and South Carolina Highway Patrol as Defendants.  ECF No. 17.  On August 19, 2025, the Honorable Jacquelyn D. Austin, United States District Judge, adopted the Report and Recommendation and summarily dismissed the East Greenville Summary Court and South Carolina Highway Patrol as defendants with prejudice.  ECF No. 20.

On September 2, 2025, Plaintiff filed a Motion to Amend Complaint with a proposed amended complaint attached. [2]  ECF No. 28.  On September 9, 2025, Greenville County filed an Answer and Motion to Dismiss the Amended Complaint.  ECF Nos. 29; 30.  On September 16, 2025, Officer Lee filed an Answer.  ECF No. 31.  On January 14, 2026, Greenville County filed a Motion for Extension of Time to file Dispositive Motions.  ECF No. 33.

On January 16, 2026, the undersigned issued an Order granting Plaintiff's Motion to Amend the Complaint and denying Greenville County's Motion for Extension of Time without prejudice.  ECF No. 34.  On the same date, the Amended Complaint was filed and the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) explaining the motion to dismiss and for summary judgment procedures to Plaintiff.  ECF Nos. 36; 37.  On January 20, 2026, Plaintiff filed a Motion for Summary Judgment.  ECF No. 39.  On January 23, 2026, Plaintiff filed a Response to Greenville County's Motion to Dismiss.  ECF No. 39.  On January 29, 2026,

---

[2] In the Amended Complaint, Plaintiff added Greenville County as a Defendant.  ECF No. 36.

Greenville County filed a Response to Plaintiff's Motion for Summary Judgment and a Reply regarding its Motion to Dismiss. ECF Nos. 41; 42. These matters are ripe for review.

<b><u>APPLICABLE LAW AND ANALYSIS</u></b>

**Liberal Construction of *Pro Se* Complaint**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Section 1983**

Plaintiff's Amended Complaint is filed pursuant to § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or

laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Rule 12(b)(6)**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Rule 56**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Greenville County's Motion to Dismiss**

In Greenville County's Motion to Dismiss (ECF No. 30) pursuant to Fed. R. Civ. P. 12(b)(6), it contends that Plaintiff's claims asserted against Greenville County are subject to dismissal. ECF No. 30-1 at 2-5. Specifically, Greenville County argues that Plaintiff's claims fail

because (1) Plaintiff served the proposed Amended Complaint before receiving authorization to amend;[3] (2) Greenville County is entitled to judicial immunity; and (3) to the extent Plaintiff asserts claims against Greenville County pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), Plaintiff fails to state a constitutional violation, and even if he did, Plaintiff has not pointed to an official policy or custom that is fairly attributable to Greenville County as a municipality and that proximately caused the deprivation of Plaintiff's rights. *Id.*

In the Amended Complaint, Plaintiff alleges that the East Greenville Summary Court violated the Sixth and Fourteenth Amendment by prolonging the adjudication of the traffic ticket, insisting Plaintiff pay fees for legal counsel, and denying Plaintiff the right to face his accuser. ECF No. 36 ¶¶ 6, 8, 11, 15.  Notably, Plaintiff refers to the "East Greenville Summary Court of Greenville County" or "Greenville County's East Greenville Summary Court" throughout the Amended Complaint.  *Id.* ¶¶ 6, 9-11, 21.  Additionally, Plaintiff alleges that Greenville County is "dually liable" for Officer Lee's conduct during the traffic stop.  *Id.* ¶ 48.

### *Previous Order*

In the original Complaint, Plaintiff asserted substantially similar claims against the East Greenville Summary Court.  *See* ECF No. 1-1 at 3-4.  The Court dismissed East Greenville Summary Court as a defendant because the East Greenville Summary Court is not a person subject to suit under § 1983.  *See* ECF No. 20.  In an apparent attempt to circumvent the Court's prior

---

[3] The Court has already addressed Plaintiff serving the Amended Complaint before receiving authorization to do so by Order filed on January 16, 2026.  ECF No. 34.  In the Order, the Court granted Plaintiff's Motion to Amend the Complaint and directed the Clerk of Court to file the proposed amended complaint.  ECF No. 34 at 2.  Accordingly, the issue presented by Plaintiff's unauthorized service of the Amended Complaint is moot.

dismissal, Plaintiff amended the original complaint to assert claims covering the same conduct against Greenville County.  *See* ECF No. 36 ¶¶ 6, 9-11, 21.

### ***Proper Defendant[4]***

Greenville County is not a proper defendant.  As to Plaintiff's first claim, Plaintiff alleges that the "East Greenville Summary Court of Greenville County" violated his constitutional rights. ECF No. 36 ¶ 6.  Plaintiff argues that the East Greenville Summary Court is funded by Greenville County and that the individuals comprising the summary court are Greenville County employees. ECF No. 40 at 1.  Plaintiff further argues that if he named each Greenville County employee individually who violated policy and procedure, the claims would likely have been deemed frivolous and that responsibility falls on Greenville County as a conglomerate.  *Id.* at 2.

The East Greenville Summary Court[5] is a magistrate court that is a part of South Carolina's unified judicial system.  *See*, *e.g.*, *Guidetti v. Cnty. of Greenville*, C/A No. 6:11-1249-HMH-JDA, 2011 WL 5024287, at *6 (D.S.C. Sept. 12, 2011) (finding that Chick Springs Summary Court is a court in the State of South Carolina's unified judicial system), *R&R adopted by* 2011 WL 5024277 (D.S.C. Oct. 20, 2011); *Hicks v. Berkeley Cnty.*, C/A No. 2:26-cv-00111-RMG-WSB, 2026 WL

---

[4] Although the issue of whether Greenville County is a proper defendant to the extent discussed below is not raised by the parties, the Court finds that analyzing this issue is proper given its standard of review for cases filed under § 1983.

[5] The Court takes judicial notice that the East Greenville Summary Court is a magistrate court in the State of South Carolina's judicial system.  *See https://www.sccourts.org/courts/trial-courts/magistrate-court/courts/*, last accessed (March 16, 2026); *see also Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (explaining that the court may take judicial notice of factual information located in postings on government websites).

288374, at *5 (D.S.C. Jan. 14, 2026) (finding that the Berkeley County Family Court is part of South Carolina's unified judicial system), *R&R adopted by* 2026 WL 286568 (D.S.C. Feb. 3, 2026). South Carolina's unified judicial branch is entitled to Eleventh Amendment immunity, and consequently, such courts cannot be a defendant to a § 1983 claim. *See Guidetti*, 2011 WL 5024287, at *6 ("Suing the unified judicial system is the same as suing the State, and the State of South Carolina has immunity from suit under the Eleventh Amendment of the United States Constitution…. The Eleventh Amendment divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.") (citing S.C. Const. art. V, § 1; *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 (1984)). Additionally, courts have summarily dismissed counties when a plaintiff brings a § 1983 claim against the county for the alleged constitutional violations perpetrated by a part of South Carolina's unified judicial branch. *See*, *e.g.*, *Hicks*, 2026 WL 288374, at *5 (finding that Berkeley County was subject to summary dismissal under the Eleventh Amendment when the plaintiff asserted a § 1983 claim against the county for the Berkeley County Family Court delaying proceedings under the theory that Berkeley County operated the family court).

As to Plaintiff's second claim, Plaintiff alleges that Greenville County is "dually liable" for Officer Lee's alleged constitutional violations stemming from the traffic stop. ECF No. 36 ¶ 48. However, Plaintiff also alleges that Officer Lee is employed by the State of South Carolina as a highway patrol officer for the SCHP. *Id.* at 1.[6] SCHP is a division of the South Carolina Department of Public Safety, not Greenville County. *See* https://scdps.sc.gov/about (last visited March 16, 2026) ("The South Carolina Department of Public Safety (SCDPS) includes the

---

[6] The Amended Complaint has two paragraphs with numbered "1." *See* ECF No. 36 at 1.

Highway Patrol …."); *see also Tisdale*, 2009 WL 1491409, at *1 n.1 (explaining that the court may take judicial notice of factual information located in postings on government web sites), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009).

Similar to the East Greenville Summary Court as discussed above, the SCHP is entitled to Eleventh Amendment immunity on Plaintiff's second claim. *Hagood v. SC Highway Patrol*, C/A No. 6:20-cv-01114-HMH-JDA, 2020 WL 1893504, at *3 ("South Carolina Highway Patrol, as an arm of the State, has Eleventh Amendment immunity from a suit for damages brought in this Court. The Eleventh Amendment … divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts.") (D.S.C. Mar. 25, 2020) (citations omitted), *R&R adopted by* 2020 WL 1892080 (D.S.C. Apr. 16, 2020); *Kemmerlin v. Heartline*, C/A No. 4:10-204-HFF-TER, 2010 WL 4340409, at *5 ("There is no dispute that defendant Hartline was/is an employee of the SCHP.  Thus, she is entitled to Eleventh Amendment immunity from monetary damages in her official capacity) (D.S.C. Oct. 1, 2010), *R&R adopted in part by* 2010 WL 4338327 (D.S.C. Oct. 26, 2010).

Based on the foregoing, to the extent that Plaintiff asserts claims against Greenville County under the theory that Greenville County operates the East Greenville Summary Court and SCHP, Plaintiff is incorrect and thus fails to state a claim for relief.  *See*, *e.g.*, *Steele v. Bodiford*, C/A No. 6:25-cv-0128-DCC-WSB, 2025 WL 1019429, at *3-4 (finding that a plaintiff's § 1983 claims against Greenville County arising from conduct of solicitors, judges, and other individuals involved in criminal proceedings failed as a matter of law because "[t]he City of Greenville does not operate the Greenville County Detention Center or supervise Greenville County Sheriff's Deputies.") (D.S.C. Feb. 13, 2025) (citing *Fleming v. Greenville Cnty., SC*, C/A No. 6:13-3375-MGL, 2014 WL 346524, at *4 (D.S.C. Jan. 24, 2014)), *R&R adopted by* 2025 WL 1014754 (D.S.C.

13

Apr. 4, 2025). Both the East Greenville Summary Court and SCHP are part of the State of South Carolina, rather than part of Greenville County, as evidenced by such entities being entitled to Eleventh Amendment immunity. Nonetheless, the undersigned considers whether Plaintiff stated a claim pursuant to *Monell*.

### *Monell*

In *Monell*, the Supreme Court of the United States determined that "municipalities and other local government units" are "persons" within the meaning of § 1983 and thus amendable to suit under the statute. *See Monell*, 436 U.S. at 690; *see also Johnson v. Baltimore City, Md.*, 163 F.4th 808, 821 (4th Cir. 2026). To hold a municipality or local government liable for a constitutional violation pursuant to *Monell*, a plaintiff must establish "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Johnson*, 163 F.4th at 821-22 (quoting *Howard*, 68 F.4th at 952). The United States Court of Appeals for the Fourth Circuit has held that an official policy or custom can be expressed in the following ways:

> (1) [T]hrough an express policy, such as such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Id.* at 822 (citing *Howard*, 68 F.4th at 952). Municipalities or local governments cannot be held liable solely because it employs a tortfeasor, or in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell*, 436 U.S. at 691-96.

Greenville County argues that to the extent Plaintiff attempts to assert claims against Greenville County pursuant to *Monell*, such claims must fail because Plaintiff does not state a

14

claim for any constitutional violation.  ECF No. 30-1 at 4.  Greenville County further argues that even assuming Plaintiff successfully stated claims for a constitutional violation, then such claims still fail because Plaintiff does not point to a policy or custom of Greenville County that caused or contributed to a deprivation of Plaintiff's rights pursuant to *Monell.  Id.*

Plaintiff argues that a "plethora of misconduct; policy & procedure violations occurred on behalf of many Greenville County employees."  ECF No. 40 at 2.  Plaintiff further argues that if he had named every Greenville County employee individually who violated policy and procedure, then the complaint would have been "deemed frivolous as some Greenville County employees played significantly larger roles than others along with Plaintiff not having insider access to obtain the evidence identifying" every individually involved Greenville County employee and the depth of such involvement "as some of [] Plaintiff's complaints were directed towards a Greenville County employee to which would then be forwarded to another Greenville County employee so the responsibility to maintain integrity, transparency and accountability falls on Greenville County as a conglomerate, even if negligence falls on a cluster of Greenville County employees from Separate Greenville County Entities." *Id.*

In the first claim, Plaintiff alleges that his Sixth and Fourteenth Amendment rights were violated by the "East Greenville Summary Court of Greenville County."  ECF No. 36 ¶ 6.  Plaintiff further alleges that the "East Greenville Summary Court of Greenville County and its County employees" have been made aware on multiple occasions that they have been in violation of the Sixth Amendment through correspondence with Plaintiff, including telephone conversations, sending letters, and verbal, in-person, requests. *Id.* ¶¶ 7-11.

Plaintiff's fails to allege the existence of an official policy or custom, attributable to Greenville County, that caused the alleged constitutional violations asserted. *See Howard*, 68 F.4th

15

at 952 ("To succeed under the first method, [a plaintiff] must point to an 'express policy,' that is, 'formal rules or understandings ... that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time.'") (quoting *Pembaur*, 475 U.S. at 480-81); *Hendricks v. Greenville Cnty.*, C/A No. 6:24-cv-03587-JDA-WSB, 2026 WL 228887, at *5 (finding that Greenville County was entitled to summary judgment on a plaintiff's § 1983 claim brought against it pursuant to *Monell* because the plaintiff failed to identify a Greenville County policy or custom that caused his injury) (D.S.C. Jan. 9, 2026), *R&R adopted by* 2026 WL 228002 (D.S.C. Jan. 28, 2026); *Wambach v. Wright*, C/A No. 1:10-cv-2912-HFF-SVH, 2011 WL 1597660, at *4 (finding that the plaintiff failed to state a claim against Spartanburg County because he failed to identify a Spartanburg County policy or custom which caused his federal rights to be violated) (D.S.C. Feb. 7, 2011), *R&R adopted* 2011 WL 1595171 (D.S.C. Apr. 27, 2011).

Moreover, Plaintiff's argument that he sufficiently stated a claim because a "plethora of misconduct; policy & procedure violations occurred on behalf of many Greenville County employees" is not persuasive. ECF No. 40 at 2. First, there is no mention of the "plethora of misconduct; policy & procedure violations" asserted in the Amended Complaint. *See generally* ECF No. 36 ¶¶ 6-22. Second, even if the asserted policy and procedure violations were pled in the Amended Complaint, a policy or procedural *violation* is not sufficient to plead a constitutional violation as a result of the execution of a Greenville County policy. *See, e.g., Robinson v. City of Columbia*, C/A No. 3:15-1398-CMC-PJG, 2015 WL 7769233, at *3 (D.S.C. Nov. 5, 2015) (finding that the plaintiff failed to allege a plausible § 1983 claim pursuant to *Monell* because the only allegations in her complaint referencing a policy alleged that an employee failed to follow a policy rather than a policy that caused her harm), *R&R adopted by* 2015 WL 7776934 (D.S.C. Dec. 2, 2015).

Furthermore, to the extent that Plaintiff attempts to allege a practice that is so persistent and widespread as to constitute a custom or usage with the force of law, such argument is unpersuasive. *See* ECF No. 40 at 2. Under such theory of municipal liability, unconstitutional practices can "become sufficiently widespread ... [that] they may assume the quality of 'custom or usage' which, per § 1983, has the force of state 'law' for purposes of invoking the remedies provided by § 1983." *Misjuns v. City of Lynchburg*, 139 F.4th 378, 385-386 (4th Cir. 2025) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987)). A policy or custom "may be attributed to a municipality when the duration and frequency of the practices warrants a finding of either actual or constructive knowledge by the municipal governing body that the practices have become customary among its employees." *Misjuns*, 139 F.4th at 386 (citing *Spell*, 824 F.2d at 1390); *see Milligan v. City of Newport News*, 743 F.2d 227, 229-30 (4th Cir. 1984) ("[A] policy or custom may possibly be inferred from continued inaction in the face of a known history of widespread constitutional deprivations ... "). Although Plaintiff alleges that his correspondence with various entities and Greenville County employees put them on notice of the alleged constructional violations, Plaintiff does not allege which policies were addressed in those communications or provide facts to demonstrate that they could constitute a "widespread" practice. Instead, Plaintiff only alleges single instances of violations of his own constitutional rights in connection with the traffic stop and consequent legal proceedings. *See, e.g., Misjuns*, 139 F.4th at 386 ("The only facts that Misjuns alleged are regarding his own termination, and a custom cannot be established by proof alone of the single violation charged. Rather, there must be numerous particular instances of unconstitutional conduct to establish a custom or practice.") (internal quotation makrs omitted) (citing *Greensboro Prof'l Fire Fighters Ass'n, Local 3157*, 64 F.3d 962, 966 (4th Cir. 1995); *Kopf v. Wing*, 942 F.2d 265, 269 (4th Cir. 1991)). Accordingly, Plaintiff fails

to state a *Monell* claim against Greenville County in his first claim asserting violation of his Sixth and Fourteenth Amendment rights.

In the second claim,[7] Plaintiff alleges that Officer Lee "failed to follow the protocol stated in SC Highway Patrol's policies and procedures when performing a non-felony traffic stop." ECF No. 36 ¶ 23. Plaintiff alleges that Lee "executed elicitation techniques whilst holding firmly on his weapon[,]" threatened Plaintiff with arrest, never stated the "reason, nature, or cause" of the traffic stop or detainment, interrogated Plaintiff, prolonged the traffic stop, and confiscated Plaintiff's driver's license. *Id.* ¶¶ 24, 26, 30, 33. Plaintiff further alleges that Greenville County is "dually liable" for Officer Lee's conduct. *Id.* ¶ 48.

Plaintiff's fails to allege the existence of an official policy or custom, attributable to Greenville County, that caused the alleged constitutional violations asserted in the second claim. Plaintiff alleges that Officer Lee failed to follow protocol stated in SCHP's policies and procedures but does not actually identify an express policy. Courts have held that similar vague and conclusory allegations are insufficient to plausibly allege a *Monell* claim. *See, e.g., Booker v. City of Lynchburg*, C/A No. 6:20-CV-00011, 2020 WL 4209057, at *8-9 (W.D. Va. July 22, 2020) (finding the plaintiff's allegations that the defendants 'created a policy and custom, and they allowed the continuance of a policy and custom, under which detainees and individuals subject to arrest would be subjected to the use of excessive and unreasonable force' and that the defendant

---

[7] Although Greenville County and Plaintiff seem to make arguments regarding only Plaintiff's first claim, given the Court's obligation to liberally construe filings made by *pro se* litigants, the undersigned liberally construes Plaintiff's allegation that Greenville County is "dually liable" for the actions of Officer Lee as attempting to assert the second claim against Greenville County pursuant to *Monell*, as well as against Officer Lee individually. *See Erickson v. Pardus*, 551 U.S 89, 94 (2007); ECF No. 36 ¶ 48.

'maintain[ed] a policy of inaction and an attitude of indifference towards use of excessive force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in beating of unarmed people' were conclusory and failed to meet the pleading standard).  Moreover, Plaintiff is alleging a *failure* to follow express policy, not the required *execution* of express policy resulting in a constitutional violation.  *See, e.g., Robinson*, C/A No. 3:15-1398-CMC-PJG, 2015 WL 7769233, at *3 (D.S.C. Nov. 5, 2015) (finding that the plaintiff failed to allege a plausible § 1983 claim pursuant to *Monell* because the only allegations in her complaint referencing a policy alleged that an employee failed to follow a policy rather than a policy that caused her harm), *R&R adopted by* 2015 WL 7776934 (D.S.C. Dec. 2, 2015).  Finally, as discussed above, SCHP is not operated by Greenville County, but rather SCHP is an arm of the State of South Carolina.  Therefore, even if Plaintiff had alleged an official policy or custom that caused the alleged constitutional violations, Plaintiff fails to allege that such policy or custom is attributable to Greenville County.

To the extent Plaintiff's asserts that Greenville County is "dually liable" for Officer Lee's alleged constitutional violations, it appears that Plaintiff attempts to assert liability against Greenville County under a theory similar to *respondeat superior*.  The Supreme Court has held that municipalities cannot be held liable solely because it employs a tortfeasor, or in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Monell*, 436 U.S. at 691-96.  Based on the foregoing, Plaintiff fails to state *Monell* claims against Greenville County for the alleged constitutional violations.[8]

---

[8] Greenville County also argues that because judges are entitled to judicial immunity and Plaintiff's first claim is based on the actions of the East Greenville Summary Court, Greenville County is entitled to absolute judicial immunity from suit.  ECF No. 30-1 at 3-4.  The Court need not address

**Plaintiff's Motion for Summary Judgment**

Plaintiff's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, asserts that, "Defendant Greenville County and Counsel have motioned to the court to extend the time to file Dispositive Motions. In response to that motion, Plaintiff Devin Bailey by law is entitled to a summary judgment in alignment with the Federal Rules of Civil Procedure Rule 56." ECF No. 39 at 1. Plaintiff also asserts that he relies on deposition testimony to support "any & all claims stated." *Id.* Greenville County filed a Response opposing Plaintiff's Motion contending that Plaintiff fails to set forth any basis in his Motion or state why he is entitled to summary judgment. ECF No. 41.

The fact that Greenville County filing a Motion for Extension of Time is not a basis for the relief that Plaintiff seeks. To the extent that Plaintiff attempts to argue that summary judgment is warranted as a sanction for Greenville County filing its Motion for Extension of Time, such sanction is not appropriate under these circumstances. In addition, while Plaintiff asserts that he relies on deposition testimony to support his claims, Plaintiff did not attach or otherwise file deposition transcripts or any other evidence. Accordingly, Plaintiff's Motion should be denied.

---

this issue because, as discussed above, Greenville County is entitled to summary dismissal based on Plaintiff's failure to state a claim against it pursuant to *Monell*.

20

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **GRANT** Greenville County's Motion to Dismiss (ECF No. 30) and **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 39).

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

March 16, 2026
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).