IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Devin Bailey,                              )      Case No. 6:25-cv-06567-JDA-WSB
                                           )
                    Plaintiff,             )
                                           )
            v.                             )      **OPINION AND ORDER**
                                           )
Officer Christopher L. Lee; Greenville     )
County,                                    )
                                           )
                    Defendants.            )
_____        )

This matter is before the Court on Defendant Greenville County's motion to dismiss and Plaintiff's motion for summary judgment. [Docs. 30; 39.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On January 16, 2026, Plaintiff filed an Amended Complaint against Defendants Greenville County and Christopher L. Lee. [Doc. 36.] On September 9, 2025, Greenville County filed a motion to dismiss the Amended Complaint.[*] [Doc. 30.] On January 20, 2026, Plaintiff filed a motion for summary judgment. [Doc. 39.] The motions are fully briefed and ripe for review. [Docs. 40; 41; 42.]

On March 16, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Court grant Greenville County's motion to dismiss and deny Plaintiff's motion for summary judgment. [Doc. 58.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the

---

[*] Plaintiff had filed a proposed Amended Complaint on September 2, 2025. [Doc. 28.]

serious consequences if they failed to do so. [*Id*. at 22.] The parties did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Greenville County's motion to dismiss [Doc. 30] is GRANTED and Plaintiff's motion for summary judgment [Doc. 39] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

April 13, 2026
Greenville, South Carolina

2

## **<u>NOTICE OF RIGHT TO APPEAL</u>**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.